### YARBERRY v. BIGGS.
### No. 6040.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 3, 1939.

Rehearing Denied Dec. 1, 1939.

Writ of Certiorari Denied Jan. 9, 1940.

R. J. Newson, of Shreveport, for appellant.

Samuel P. Love, of Shreveport, for appellee.

HAMITER, Judge.

Tilda. Yarberry, a pedestrian, was struck by an automobile driven by defendant, Robert E. Biggs, about 9:00 o'clock of the night of May 24, 1938. She was crossing Texas avenue at its intersection with Van Loan street in the City of Shreveport, Louisiana, when the accident occurred. Defendant stopped his machine, placed the injured woman therein and rushed her to a hospital. After being examined in that institution, and on her dismissal therefrom about 10:30 of the same night, she was transported to her home by defendent.

Recovery is sought herein for claimed injuries sustained and medical expenses incurred under allegations of negligence on the part of the vehicle operator.

Defendant denies the negligence attributed to him, and alternatively pleads that plaintiff was guilty of contributory negligence.

Plaintiff was refused recovery by the trial judge, and she appealed.

Texas avenue runs generally in an easterly and westerly direction and is one of the principal arteries of traffic in the City of Shreveport. Angling into that thoroughfare from the north, but not crossing it, is Van Loan street.

Defendant's machine was traveling east along Texas avenue. At a street crossing located two blocks west of the Van Loan street intersection an adverse light from a semaphore traffic signal compelled its stopping. The journey was continued when the proper light appeared.

Plaintiff reached Texas avenue by walking south on the sidewalk of Van Loan street, and then attempted to cross it. After traversing approximately one-half of the avenue's width she came in contact with the moving vehicle.

The testimony in the record furnished by plaintiff and by others in her behalf is to the effect that she proceeded across Texas avenue after having looked toward both her right and left, and while no traffic was approaching within a distance of one block; and that defendant's car, traveling at the excessive speed of forty or forty-five miles per hour, ran her down as she reached the street's center.

The version given by defendant, and also by two disinterested persons who operated

businesses in the locality of the accident and were in close proximity to the scene, is quite dissimilar to that of plaintiff. According to this proof, much traffic was employing Texas avenue at the time. As defendant's car approached the Van Loan street intersection, moving at a reasonable rate of speed, numerous automobiles were proceeding westerly on the opposite side of the street. Plaintiff passed through this line of traffic to the center of the street, and then suddenly darted in front of defendant's machine when a fast moving motorcycle, traveling west between that car and the other mentioned automobiles, approached her. Defendant promptly applied his brakes and a stop was effected within 30 feet from the point of contact.

It is to be seen from the foregoing discussion that this case presents only questions of fact and that a serious conflict in the proof exists. The trial judge, by rejecting plaintiff's demands, obviously resolved the facts in favor of defendant and decided that the evidence does not preponderately support the negligence attributed to him. We are not convinced that such decision is manifestly erroneous, and it will not be disturbed.

The judgment is affirmed.